Hart, J.,
dissenting. I believe that the right of privacy is a legal right for the violation of which in a proper case a civil action in tort may be maintained, and, in the main, I concur in what is said in the majority opinion.
However, I think the trial court erred in the use of certain expressions contained in the special charges given to the jury *42 at the request of the plaintiff, especially as applied to her situation, she being an acknowledged debtor in default of payment for more than two years.
In the course of such charges, the court said to the jury:
“* * * j charge you that as a matter of law the plaintiff’s right of privacy and to personal security includes the right to be let alone * * *.
“* * * A person may, therefore, adopt a life of seclusion with a right to remain undisturbed if she so desires.
( i # # *
“If you find from the evidence that either of the defendants or both of them, threatened to sue the plaintiff * * * for the purpose of producing mental pain and anguish in attempting to collect a debt * * * it would be your duty to return a verdict for the plaintiff * * V’
In my opinion, the court erred in using the above-quoted unmodified expressions in its charges. They are, I believe, more favorable to the plaintiff than the facts justify. On the law of privacy in connection with attempts to collect debts, I quote an editorial review of the subject found in 14 A. L. R. (2d), 770, as follows:
“It is generally recognized that a creditor has a right to take reasonable action to pursue his debtor and persuade payment, although the steps taken may result in some invasion of the debtor’s privacy. So, it has been held that an employer may be informed of a debt owed by one of his workers.
“A creditor who, in an effect [effort] to collect a debt due from the plaintiff, wrote letters to her employer stating the facts and soliciting his aid in collecting the amount due, was held in Patton v. Jacobs (1948), -Ind. App., —, 78 N. E. (2d), 789, not to have incurred any liability for an invasion of the plaintiff’s privacy, the court saying that although there was no logical reason why a creditor’s determination to collect an account could not lead him into a course of conduct constituting a violation of the debtor’s right of privacy, in most of the cases in which a recovery was permitted the actionable conduct of the creditor lay in the fact that he gave the general public information concerning a private matter in which it had, or could have, no legitimate interest, and did so in a manner *43 that was coercive and oppressive, and that frequently, except for the truth of the publication, the words and methods used would have given basis for a suit for libel or slander and carried to the public generally the inference that the complainant was a ‘ dead beat. ’ However, since in the instant case the communication was made only to the employer, who had a legitimate interest in facts relative to the debts owed by his employees, and who was not in the category with the general public as to such information, the court said that it would be difficult to follow a course of reasoning justifying the conclusion that the employee’s right of privacy had been invaded by conveying to the employer information which he had a right to have. The fact that in the usual course of business the communication passed into the hands of clerks or stenographers, whether in the employ of the writer or the addressee, was said not to alter the rule, the situation being somewhat analogous to that of a privileged communication which did not lose its character through such process.
“A telephone call to the plaintiff’s employer, informing him that the plaintiff was indebted to the caller, and that garnishee action would be brought unless the debt was paid, was held in Lewis v. Physicians & Dentists Credit Bureau, Inc. (1947), 27 Wash. (2d), 267, 177 P. (2d), 896, not to constitute an invasion of any right of privacy which the plaintiff might have, the court saying that a creditor or an assignee had a right to urge payment of a just debt and to threaten resort to legal proceedings to enforce such payment, and that persons who did not pay their debts could not object to some publicity in connection with attempts to collect them, their tender sensibility being-protected only from undue or oppressive publicity. A single telephone call of the type here involved would not constitute such publicity, added the court.
“An attempt to collect debts by sending the alleged debtor a telegram informing him that payment must be made promptly or legal action would be brought was held in Davis v. General Finance & Thrift Corp. (1950), 80 Ga. App., 708, 57 S. E. (2d), 225, not to constitute an actionable invasion of the plaintiff’s right of privacy, the court saying that for the purposes of determining whether there bad been such an invasion, the *44 alleged violation must be dealt with as if it were true and published in good faith, and, so considered, it was plain that a creditor had a perfect right to send a debtor a telegram in good faith and threaten legal action if the default continued. It would seem that one who was billed by mistake would know of the mistake or could discover it, said the court, and that a publication to a few employees of the telegraph company who were not alleged to be acquainted with the injured party would not offend the sensibilities of a person who had gone into debt and subjected himself to the standard communications of a civilized society. If these principles did not apply, the court continued, a creditor would prefer to proceed with legal action without any warning to a debtor in preference to running the risk of being subjected to an action of violation of privacy rights in the event he was honestly mistaken in his view that the debt was past due.”
I believe the foregoing states the law correctly. In other words, the right of privacy of a debtor as against the demands for payment by his creditor is subject to a “privilege” of the latter to press the debtor for the payment of his debt, and the creditor is immune from liability for making such demands unless he abuses that privilege.
In the instant case, the court in the special charges given did not define or even recognize the “privilege” of the defendants in representing the plaintiff’s creditor, and, in my judgment, thereby committed prejudicial error.
In the course of the general charge, the court charged the jury as follows:
“The right of privacy is the right to be let alone. Its foundation is in the conception of inviolate personality and personal immunity. It is of that class of rights which every human being had in his natural state, and which he did not surrender by becoming a member of organized society. The fundamental rights of personal security and personal liberty include right of privacy, which is merely the right to live as one chooses. The violation of the right of privacy consist of the interference in another’s seclusion by subjecting him to unwarranted and undesired publicity, or being harassed in his or her employment.
*45 11 # # #
* * A creditor or Ms agent has a right to urge payment of a jnst debt and he may threaten to resort to proper legal procedure to enforce such payment, but in the attempt to collect the just debt must not willfully and intentionally and with the express purpose of harassing the debtor, cause her humiliation, pain and suffering and anguish.
“The fact the plaintiff herein owed the debt to Dr. Lydic and Dr. Lydic placed his claim in the hands of the defendants to collect makes no difference in this case and is not a defense. The fact that she owes the bill, so to speak.”
Likewise, I have a serious doubt whether tMs part of the general charge of the court is free from error. I am of the opinion that the intent of a creditor or his agent in demanding payment is immaterial so long as the character of the demand is not unreasonable or outrageous. This element of the tort which must be established in order to recover was omitted from the general charge.
I am of the opinion that the judgment should be reversed and the cause remanded to the Common Pleas Court for a new trial.