Howard Van Epps, plaintiff in error, *vs.* Darwin G. Jones, defendant in error.

1. In a declaration claiming damages for words calculated to injure the plaintiff's reputation as an attorney at law, it is not sufficient to allege that the defendant was an attorney, it must be stated and proven that the words were used "in reference to his profession."
2. Where, in an action on the case for words, the ground of the action is "special damages flowing to the plaintiff from the use of the words," it is not sufficient to set forth as damages money paid voluntarily by the plaintiff, such as the charge of a notary for protesting a paper, which, under the law, was not a protestable paper, or which had not been legally protested.

Slander.   Attorney.   Damages.   Before Judge Hopkins. Fulton Superior Court.   April Term, 1873.

Van Epps brought an action for damages against Jones, making the following case:

On December 26th, 1871, defendant, being a Notary Public for the county of Fulton, received from the Georgia National

Bank a draft, dated at Macon, Georgia, December 22d, 1871, drawn by Grier, Lake & Company, to the order of themselves, for the sum of $95 22, on plaintiff, at sight, which draft the said drawers indorsed in blank and delivered for collection to one W. P. Goodall, cashier of a banking institution in said city of Macon, and said Goodall indorsed thereon, "Pay E. L. Jones, cashier, or order," and sent the same to the said E. L. Jones, who was the cashier of the said Georgia National Bank, whose business it was to collect such paper. The defendant having received said paper as aforesaid, did then and there, in usual form, protest the same for non-payment, and among other things, did declare in said protest, that he had exhibited the same to the plaintiff, and demanded payment thereof, which was refused. He then sent said protest with the draft to the source from which the latter came. The declaration made by the defendant was false and malicious, for plaintiff never had said draft exhibited to him, nor payment demanded from him, nor was he ever afforded even the opportunity of paying the same. The defendant returned said draft protested, and made said false recital in said protest, notwithstanding he well knew that the plaintiff was legally a practicing lawyer in said city of Atlanta, whose business and duty it was to collect all demands for money placed in his care for such purpose, and promptly to pay over the same.

Grier, Lake & Company, after having received back into their possession said draft and said accompanying protest, forwarded the same to another practicing lawyer for the assertion and vindication of their rights. Plaintiff was, for the first time, informed by said lawyer that Grier, Lake & Company had drawn on him for that amount, which he then and there promptly paid and remitted to them, together with all the costs and expenses to which they had been subjected by the bad faith as aforesaid of said defendant.

Immediately prior to the date of said draft, plaintiff had in his hands the sum of $95 22, as net proceeds of collection for Grier, Lake & Company, and he had informed them of that fact, and that the money was subject to their order, and there-

upon they drew on him as aforesaid.    Upon being informed of said protest, Grier, Lake & Company withdrew their confidence from the plaintiff.    If the assertion made by the defendant in said protest was true, the plaintiff was liable, under the laws of this State, to an indictment and conviction for felony, and to be stricken from the roll of attorneys, the consequence of which would deprive him of his liberty, degrade his character, destroy his profession and means of living, besides the special damage to which he has been subjected, and which he has paid, to-wit: the sum of $100 00.    By means of the premises defendant has damaged the plaintiff $3,000 00.

The defendant demurred to the declaration.    The demurrer was sustained, and plaintiff excepted.

CLARK & GOSS, for plaintiff in error.

J. M. CLARK & SON ; A. W. HAMMOND & SON, for defendant.

McCAY, Judge.

1. Without doubt a Notary is liable for any damage caused by his failure properly to perform the duty he undertakes, and this action would not be demurrable if it alleged that any damage flowed from the failure of the Notary to present the draft.    The damage alleged, the cost of protest, the plaintiff was not bound to pay.    There is no allegation that the draft was protestable paper, payable at bank, and if not protestable paper, the plaintiff paid it when he was not liable to do so : 30 *Georgia*, 271 ; 29 *Ibid.*, 259.    But this does not pretend to be an action for neglect of the Notary to *present* the draft, it claims damages because the draft was protested—because the defendant falsely *stated* in the protest that he had presented it to the plaintiff, and that payment was refused.    It is essentially an action for injury to reputation, by slander or libel.    It does not set forth words imputing a crime punishable by law, or with having a contagious disorder, or of be-

Van Epps *vs.* Jones.

ing guilty of some debasing act which may exclude from society. Any such charge, under our Code, is actionable *per se:* Revised Code, section 2926. The only other charge actionable *per se,* under the Code, is "a charge made *in reference to one's trade,* office or profession, calculated to injure him therein." It is upon this that the declaration is claimed to be sustainable. The defect in the declaration is, that it does not charge that the words were used *in reference to the* plaintiff's profession. The statute is positive, that they must be so spoken or made. Nor is there anything in the declaration from which it can be fairly inferred that the charge was made in reference to plaintiff's profession. It is not enough that defendant knew he was a lawyer. Can it be contended that it is actionable to say of a lawyer that he will not pay his debts, much less a particular debt? I am not sure that it would be actionable to say of a lawyer, falsely, that he would not pay some particular money collected by him as a lawyer, or that it would be actionable to say of a blacksmith, untruly, that he had burned a certain horse in shoeing him. The authorities indicate that the charge must be of something that affects his character generally in his trade. A particular act may or may not do this, and the matter would depend on the *colloqium.* But the authorities are uniform that the words must be charged to have been used in reference to one's trade or profession. The speaker must have had the trade or profession of the plaintiff in view, and utter the words in reference to it, as if he should say of a grocery merchant, he keeps false weights, or of a lawyer, that he won't pay his *clients* the money he collects for them : Starkie on Slander, 109, 126. It would be entirely a new ground of action to hold that it was actionable to utter of a lawyer that he refused to pay a particular debt, there being nothing in the words or in the *colloqium* to indicate that the speaker was alluding to him *as* a lawyer. Such a rule would put lawyers on a vantage ground that the law has not put them on : See Starkie on Slander, 109, 126.

2. We affirm the judgment, because it is not charged that

the words were used with reference to the plaintiff's profession ; and on the further ground, that as this allegation is not made, and the case must stand as though plaintiff were not a lawyer ; there is no allegation of any special damage flowing naturally from defendant's words.

Judgment affirmed.