## WHITE v. PARKS & COMPANY.

To "blacklist" a person in writing and thus publish of and concerning him that he is a delinquent debtor, when in fact he owes nothing, tends to injure his reputation, render him odious, and expose him to public contempt. Construing the declaration as alleging that the libelous matter which was falsely and maliciously published by the defendants of and concerning the plaintiff was that the latter was a delinquent debtor to the former in the sum of $3.35, the declaration sets forth substantially a cause of action. Failure to copy the libel in the declaration, or to set forth its words according to their exact tenor, is only bad pleading in matter of form, and, in Georgia practice, will be disregarded on general demurrer. Such a defect is amendable, and should be pointed out by special demurrer.

March 26, 1894. Argued at the last term.

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

G. & W. HARRIS and REECE & DENNY, for plaintiff.

McHENRY, NUNNALLY & NEEL and S. & M. WRIGHT, for defendants.

LUMPKIN, Justice.

The declaration, fairly construed, alleges in substance that the defendants, who were members of a certain merchants' association, published and caused to be published a false and malicious libel of and concerning the plaintiff, by writing and procuring to be written his name upon a list of delinquent debtors, thereby representing that he was indebted to the defendants in the sum of $3.35,—when in fact he owed the defendants nothing at all,—which list, at the instance and procurement of the defendants, was exhibited to many persons. The declaration charges that the defendants did the acts mentioned, for the purpose of blackening the plaintiff's honesty, integrity and reputation; that by so placing his name upon that list and having the same circulated, it was the intention of the defendants to publish the

plaintiff as one able to pay his debts, but lacking the honesty to do so, and that this was understood to be the meaning and intention of the defendants by all persons to whom the list was exhibited. To this declaration the defendants demurred on the ground that the publication complained of was not actionable, and that no cause of action was set forth. Also, upon the further grounds that the declaration set forth " the understanding of persons as *innuendo*"; " that an *innuendo* must be pleaded as fact, and not as understanding"; and that the *innuendo* pleaded " points and enlarges the publication beyond its natural and common meaning in its usual acceptation, and has not the proper introductory averments to warrant the same."

Irrespective of the *innuendo* and the objections to the same raised by the demurrer, we think the declaration sets forth a cause of action. Its allegations amount, at least, to a direct charge that the plaintiff was falsely and maliciously " blacklisted " in writing, and thus published to the world as a delinquent debtor, when in fact he owed nothing. Certainly this tended, to some extent, to injure his reputation, render him in some degree odious, and expose him to public contempt. This, under the definition of libel contained in section 2974 of the code, was sufficient to render the publication libelous, and actionable *per se.* We base our decision upon the plain language of the code. Attention is called, however, to an interesting case, somewhat similar as to the facts, in which the subject now under consideration was dealt with at length: Muetze *v.* Tuteur, 77 Wis. 236; s. c. 20 Am. St. Rep. 115, 9 Law Rep. An. 86, 46 N. W. Rep. 123.

It will be observed that the demurrer does not specially complain that the plaintiff failed to copy or set forth in the declaration the libel complained of. " The complaint should set out, and purport to set out, the

very words published. The proper term by which to indicate that the very words are set forth is *tenor*." Townshend on Slan. & Libel, §329, and notes. Good pleading would undoubtedly require that the libel itself, or at least so much of it as relates to or mentions the plaintiff, should be set forth in full; but under the practice prevailing in this State, the omission to do so is only bad pleading in matter of form, advantage of which cannot be taken by general demurrer. The defect in the declaration is certainly amendable, and exception to it should have been taken by a special demurrer.

We have set forth, in substance, all of the demurrer simply to show it did not specially complain of the defect mentioned. In so far as it deals with the *innuendo* laid in the declaration, it requires no notice at our hands, because, as already stated, in our opinion the declaration would be good in substance even if the *innuendo* were entirely omitted.         *Judgment reversed.*