## 23227. McCRAVY v. SCHNEER'S.

DECIDED OCTOBER 7, 1933.

*Louis H. Foster, John H. Payne,* for plaintiff.
*Ellis McClelland,* for defendant.

GUERRY, J. The plaintiff brought an action for libel, alleging that the defendant sent to him by registered mail the following letter, which is alleged to be libelous per se. "December 13, 1932. Mr. Felix O. McCravy Jr., Route 7, Box 331, Atlanta, Georgia. A legal demand for the money due us or the return of our merchandise. This letter is being sent by registered mail, so the court will know you have had proper notice. Remember, we positively hold legal title to the merchandise in your possession until the account is fully paid. Our future action will be determined by yours. If you still persist in ignoring the account, we will take legal action immediately to protect our interest. This is positively the last notice. Yours very truly, Schneer's. H. E. Brooks, Collection Manager, CL/F registered mail." The petition states that the plaintiff was indebted to the defendant for merchandise to which the defendant had retained title. The court sustained a general demurrer and dismissed the petition.

To maintain an action for libel, the matter published must either be libelous per se, or it must be so stated that it may reasonably be construed, by innuendo at least, to be libelous. It must also be communicated to some person other than the plaintiff. The petition itself shows that this was a letter written by defendant to plaintiff, sent by registered mail. Without more, this does not amount to a publication. The allegation in the petition that the defendant "did publish" seems only to be a conclusion of the pleader and must yield to the pleaded facts. The case of *Morgan* v. *Black,* 132 *Ga.* 67 (63 S. E. 821), is clearly distinguishable. This court is

aware of the fact that when Oglethorpe founded Georgia he had in mind the caring for those who had been confined in debtor's prisons. This fact, however, has not made it libelous in Georgia for a creditor to write a letter to his debtor asking that his debt be paid. A creditor still has the right to ask his debtor to pay what he owes, without being subject to an action for libel. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*