35980. SOUTHERN RAILWAY COMPANY *v.* ELLIOTT *et al.*
35982. GEORGE A. FULLER CONSTRUCTION CO. *v.*
ELLIOTT *et al.*

Decided January 20, 1956—Rehearing denied February 3, 1956.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error in Case No. 35980.

*Maddox & Maddox, Matthews, Maddox, Walton & Smith, Bryan, Carter, Ansley & Smith, Tom Willingham,* contra.

*Troutman, Sams, Schroder & Lockerman, Bryan, Carter, Ansley & Smith, Tom Willingham, Henry Quillian,* for plaintiff in error in Case No. 35982.

*Maddox & Maddox, Matthews, Maddox, Walton & Smith, Wright, Rogers, Magruder & Hoyt,* contra.

TOWNSEND, J. ■ On the first appearance of these cases (92 *Ga. App.* 309, 315, 88 S. E. 2d 413) it was held as follows: "The petition as amended contained allegations to the effect that the defendant Southern Railway Company was guilty of negligence: (1) In constructing the spur track across the main line of Central of Georgia Railway Company in such manner that the low point of the grade was such that, if two or more freight cars were improperly braked and became loose, when placed either to the north or south of the intersection, they would come to rest across the main line of Central of Georgia Railway Company. (2) In maintaining and operating its trains and freight cars on the spur track without a derailer, or other automatic device, to prevent cars standing and placed on the spur track, in the event they became loose, from crossing or coming to rest at the intersection of the spur track with the main line of Central of Georgia Railway Company. (3) In not anticipating that freight cars so placed upon the spur line might become loose and roll down and upon the intersection of the spur track with the main line of Central of Georgia Railway Company. (4) In failing to anticipate that an engineer operating a train in a westerly direction upon the main line of Central of Georgia Railway Company could not see a train or cars upon the spur track of Southern Railway Company until within approximately 100 feet of the intersection, and in not taking proper steps to prevent any such cars from rolling upon

and being across the intersection. The above allegations of the petition as amended were not subject to the special demurrer of Southern Railway Company in case No. 35624, on the ground that they failed to set forth any violation of any law by this defendant or the violation of any duty imposed upon it or owed by it to the plaintiff's husband."

It is thus the law of the case that these allegations, which remain in the case, show actionable negligence on the part of Southern Railway Company as against the plaintiff here, and this ruling must be followed unless it appears from the petition as last amended that such acts, although negligence, were no part of the proximate cause of the death of the plaintiff's husband. Questions of proximate cause, like questions of negligence, are for the jury except in plain and palpable cases. *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532, 535 (96 S. E. 573). It cannot be said as a matter of law here that such negligence was not a part of the proximate cause of the injuries received on the ground of remoteness, in view of the further allegations that the defendant Southern Railway Co. had knowledge of the practice of the defendant construction company in releasing the brakes and shoving the freight cars around by means of a bulldozer prior to the occurrence of the tragedy on which this cause of action is based. Accordingly, the petition after amendment continued to set forth a cause of action against the Southern Railway Company. Nothing to the contrary is held in *Peggy Ann of Georgia, Inc.* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89) wherein it is stated that one is not bound to guard against what is unusual and unlikely to happen and is only remotely and slightly probable, since, under the facts alleged here, this question must be left for jury determination. This case also differs from *Wright Contracting Co.* v. *Waller,* 89 *Ga. App.* 827 (81 S. E. 2d 541), where a contractor erecting a road along a steep grade was held not jointly liable with a motorist who parked his car improperly on such grade. No facts were there alleged which would cause the contractor to anticipate that a car would be parked on the embankment without brakes. In this case the defendant railroad had knowledge of the practice of the construction company in moving the cars. Further, one grading a road cannot install "derailers" for negligently parked automobiles, but it has already been held in this case that the failure of

the defendant railroad to install a derailer, considering the grade and location of the tracks, may amount to negligence. The trial court properly overruled the demurrers of the defendant Southern Railway Company.

■ Failure to properly brake and scotch the wheels of a vehicle, so that it rolls down a grade on which it is parked and injures persons or property, is actionable, as to the defendant upon whom such duty devolves. *Scoggins* v. *Peggy Ann of Georgia, Inc.*, 87 *Ga. App.* 19 (73 S. E. 2d 79); *Wright Contracting Co.* v. *Waller*, supra. The allegations of the amended petition are such as to place squarely upon the defendant Fuller Construction Company liability in failing to exercise ordinary care to secure the freight cars after it moved the same over the tracks of another defendant, and the trial court did not err in overruling its demurrers to the amended petition. This court having already decided in *Southern Railway Co.* v. *Elliott*, supra, that the alleged negligence of the Central of Georgia Railway Company was not the sole proximate cause of the injuries to the plaintiff's decedent, but that failure to properly brake the freight cars, among other things, entered into the question of proximate cause, this reasoning continues to apply, the only change in the allegations of the petition being that the plaintiff now alleges that the construction company, rather than the railroad, was guilty of such act of negligence. Such negligence, regardless of who was guilty of it, was not rendered too remote to be actionable by reason of the fact that the Central of Georgia main-line train failed to stop at the intersection of the tracks in time to avoid hitting the freight cars.

*Judgment affirmed as to cases Nos. 35980 and 35982. Gardner, P. J., and Carlisle, J., concur.*