## 24134. NELSON v. WAINWRIGHT.

MOBLEY, Justice. 1. The order sustaining the general demurrer on the date of the hearing on the rule nisi, and prior to the appearance day of the case, was not void. *Reardon v. Bland,* 206 Ga. 633 (1) (58 SE2d 377); *Reeves v. DuVal,* 214 Ga. 630 (1) (106 SE2d 797).

2. "It is the general rule that a court of equity has no jurisdiction to enjoin the removal of a public officer." *Hill v. Johnson,* 214 Ga. 417 (105 SE2d 309); *Stanford v. Lynch,* 147 Ga. 518 (1) (94 SE 1001); *Moore v. Dugas,* 166 Ga. 493 (5) (143 SE 591); *Hayes v. City of Dalton,* 209 Ga. 286, 292 (71 SE2d 618). The petition did not allege any acts by the defendant seeking by force to interfere with the petitioner's possession of the office of tax assessor (see *Allen v. Wise,* 204 Ga. 415 (50 SE2d 69), and cases cited), but only the sending of a letter to him notifying him of the termination of his office, which the petitioner asserts is legally insufficient to terminate his office. The petition alleges no facts authorizing a court of equity to enjoin the defendant from "carrying out the termination of petitioner's appointment" as tax assessor.

3. The petitioner sues for damages because of a letter signed by the defendant, which the petitioner asserts is libelous. Even if this letter should be held to be libelous, there are no allegations that it was published, except the mere reference to the "publication of said letter." The letter was addressed to the petitioner, and it may be assumed from the allegations that it was sent to him. "The publication of the libelous matter is essential to recovery." *Code* § 105-701. In order to recover for a libel, the libelous matter must be communicated to some person other than the petitioner. *McCravy v. Schneer's,* 47 Ga. App. 703 (171 SE 391).

4. The amount which the petitioner claims is due him for his participation in a board meeting is a charge against the county, and not against the defendant in his individual capacity.

5. The petition failed to state a cause of action either for injunction or damages, and it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

430

*H. Thad Crawley,* for appellant.

*Garland T. Byrd, Dan S. Beeland,* for appellee.