44778, 44779, 44780. TENCH v. IVIE (three cases).

JORDAN, Presiding Judge. In count 1 of her complaint against Lewis Edward Ivie, and in her complaints against Mrs. Flora Ivie and Clinton Wilson Ivie, the plaintiff, Mrs. Viola Tench, alleges that the defendant named therein injured and damaged her "by falsely, and maliciously saying . . . on or about the 7th day of April, 1969, the following false and malicious words, to wit: That plaintiff ran around with men, leaving her home under the cover of darkness and, at times, in late hours of the night, and early morning hours, to meet them." She seeks judgment against each defendant for $100,000. The trial judge sustained the motion of each defendant to dismiss for failure to state a claim, and the plaintiff appeals. *Held:*

We reverse. The claims in each case follow the form expressly prescribed for an action for words as specified by the Act approved on January 29, 1850. See Cobb's Digest, 1851, p. 492; editorial note preceding Code Ch. 81-1; *Dickey v. Brannon,* 118 Ga. App. 33 (1) (162 SE2d 827). This Act has never been expressly repealed, and the substance of the prescribed form is not in conflict with present practice requirements. Section 8 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108 (a)) requires "a short and plain statement of the claim showing that the

pleader is entitled to relief" and a "demand for judgment." As construed by the courts it is now well settled that the complaint is not subject to dismissal unless the allegations disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260); *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862); *Zappa v. Allstate Ins. Co.,* 118 Ga. App. 235 (162 SE2d 911); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598).

Viewed in this light, whether under *Code* § 105-702 the alleged words are actionable as disclosing "some debasing act which may exclude [her] from society," or are "disparaging words productive of special damages flowing naturally therefrom" the latter requiring a showing of special damage, is a matter of proof for the plaintiff, and not essential to her pleaded claims, absent any language in her complaints negating with certainty any entitlement to relief.

*Judgments reversed. Hall and Whitman, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 5, 1970.

*Marvin O'Neal,* for appellant.
*Jack N. Gunter, Douglas McDonald,* for appellees.