## 44666. PEACOCK CONSTRUCTION COMPANY v. ERICKSON'S, INC. et al.

WHITMAN, Judge. To each of the counts in plaintiff's petition the defendants interpose general demurrers which were treated as motions to dismiss and sustained. The plaintiff has appealed.

In ruling on the defensive pleading, the trial court's order states: "The plaintiff's original suit was amplified in each count by an amendment filed on August 21, 1967, and no action was had thereon until after the new Rules of Civil Procedure became effective on September 1, 1967. The defendant demurred to the original petition and demurred to the petition as amended, filing both a general demurrer and many special demurrers. . . The general demurrer will be treated, as the court has a right to do, as a motion to dismiss the petition for failure to state a claim upon which relief can be granted. The numerous special demurrers, under the new Rules of Civil Procedure, are being disregarded. After due consideration, It is hereby considered, ordered, and adjudged that the general demurrer, or the motion to dismiss the petition for failure to state a claim upon which relief can be granted, be and the same is hereby sustained and the petition dismissed."

There are two errors enumerated: (1) That the trial court incorrectly applied the rules of procedure of the Civil Practice Act as they relate to demurrers and motions to dismiss; and (2) that it was error to sustain the demurrer or motion to dismiss and dismiss the petition.

Pretermitting consideration of any question of the right of a corporation to bring an action for libel under *Code* § 105-701, *it is held:*

1. The contention made by the first enumeration is without merit. A general demurrer filed before the effective date of the Civil Practice Act may thereafter be regarded and ruled

on as a motion to dismiss the complaint for failure to state a claim for which relief may be granted. *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598).

2. The second enumeration of error raises the question of whether the complaint states a claim for which relief may be granted. " '[A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' 2A Moore's Federal Practice § 8.13, p. 1706." *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (166 SE2d 369).

The allegations of the complaint are to the effect that the defendants did intentionally and maliciously publish false, libelous and defamatory statements about the plaintiff which subjected it to ridicule and contempt and which damaged its good name and reputation. Even if, as defendants contend, the documents upon which the complaint is based contain nothing libelous per se, in which event special damages must be shown before a recovery is authorized, special damage is a matter of proof and allegations thereof are not essential to the statement of a claim. *Tench v. Ivie,* 121 Ga. App. 114 (173 SE2d 237). The complaint states a claim for which relief may be granted, and sufficiently notifies the defendants of the basis therefor so as to comply with the very minimal requirements of notice pleadings. It was error to dismiss the complaint.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED MARCH 3, 1970—
REHEARING DENIED APRIL 1, 1970.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Jerry T. Hinson, Willis J. Richardson, Jr.,* for appellant.

*Oliver, Maner & Gray, Thomas S. Gray, Jr.,* for appellees.