44964.   GEORGIA POWER COMPANY v. REIGHARD.

BELL, Chief Judge.   Defendant appeals from the denial of his second motion for summary judgment. The denial was certified for review. In a prior appeal of this case, we reversed the grant of summary judgment for defendant and held that the evidence adduced on the motion "failed to remove the material factual issues raised by the pleadings, i.e., the defendant's knowledge of the alleged custom, the defendant's negligence, and the plaintiff's contributory negligence." *Reighard v. Ga. Power Co.,* 119 Ga. App. 640 (168 SE2d 639).

■

Subsequently to reversal, defendant filed a second motion for summary judgment and submitted additional evidence. The new material consisted of the affidavit of defendant's assistant division superintendent who stated that he was familiar with the physical layout and aspects of the place where plaintiff was employed and that he "had never heard of any custom" at this work site of individuals climbing booms of diesel shovels and lifting wires in order for the boom to clear overhead electrical wires and that "if there had been any custom or practice" of this nature he would have been the logical one "to have heard about it." The other evidence concerns the dissemination of safety instructions to workers at the gravel pit where this injury occurred concerning the movement of heavy machinery under power lines; and that the electrical lines which allegedly caused plaintiff's injuries were constructed over the gravel pit and loading area in compliance with the standards and requirements of the National Electric Safety Code and meet the standards of the electric utility industry in Georgia. In opposition, plaintiff submitted affidavits which contain denials of the issuance and receipt of the safety instructions.

In order to prevail on summary judgment, the evidence of the movant must unequivocally refute the allegations and clearly show what is the truth of the matter alleged. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749). The evidence that one of defendant's supervisory employees had never "heard" of the alleged custom may be some evidence to controvert this allegation but, in our opinion, does not unequivocally refute the allegation of defendant Power Company's knowledge of the custom or otherwise make a prima facie showing of a lack of knowledge. The evidence that defendant erected his lines in conformity with the accepted standards of the electrical industry and a safety code is nothing more than a bare conclusion of defendant that it exercised ordinary care and is without probative value. *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697). The evidence relating to safety instructions which touches on plaintiff's negligence was controverted.

Defendant has not been able to refute the pleadings and the denial of the motion for summary judgment was proper.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED JANUARY 5, 1970—DECIDED MAY 8, 1970.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.

*Byrd, Groover & Buford, Denmark Groover, Jr., Charles L. Carnes,* for appellee.