## 45805. RADER v. RAYETTE-FABERGE, INC.

EVANS, Judge. The appellant filed an affidavit, bond and attachment and declaration therein against a nonresident corporation, contending that on or before July 24, 1969, the plaintiff and defendant did enter into an agreement of employment for services, beginning August 4, 1969, at a basic salary of $17,000 per year, together with certain fringe benefits and expenses. On and prior to July 24, 1969, the plaintiff (appellant) had been employed and operated as a manufacturer's representative and upon reaching the agreement of employment with the defendant, did proceed to notify his suppliers of his new employment, and proceeded to interview prospective employees to serve under him in the position of employment which he had accepted. Thereafter, on or about July 30, 1969, the plaintiff was notified that the defendant (appellee) would not honor its agreement to employ him, and it is alleged that this action caused him loss of business, loss of time, and loss of position and prestige in his vocation. Thereafter the declaration in attachment was amended to increase the amount of damages. The defendant filed an answer as amended, denying, in the main, the averments of the declaration, and a defense that this was an oral contract of employment which was void and unenforceable, in violation of the Statute of Frauds. Based upon the pleadings and the deposition of the plaintiff, the defendant moved for summary judgment under the provisions of § 56 of the Civil Practice Act (*Code Ann.* § 81A-156; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). The motion for summary judgment was sustained and the appeal is from this order. *Held:*

1. As a general rule, an oral contract of employment at a specified monthly salary, to commence at a future date and continue for a period of a year is void under the Statute of Frauds. *Code* § 20-401 (5); *Brazzeal v. Commercial Cas. Ins. Co.,* 51 Ga. App. 471 (180 SE 853); *Alexander-Seewald Co. v. Marett,* 53 Ga. App. 314 (185 SE 589); and citations contained in these cases.

2. However, the evidence submitted fails to prove, as a matter of law, that the claim for damages of the plaintiff is barred by reason of the alleged contract not being in writing. The plain-

tiff, by deposition, testified: "I was to start work immediately toward building and setting up this new division." The record shows that defendant wrote plaintiff a letter on July 24, 1969, and therein directed him to look for men in New Orleans and Tennessee to work under plaintiff, prescribing their salary limits, and directing that they be "hired and completely trained before this quarter is over." The letter further declared "You will assume the job of Regional Manager for the Caryl Richards Division of Faberge, Inc. beginning August 4, 1969." Plaintiff testified that he began to make plans for his new job; that he began giving up business in which he was presently engaged in order to accept his new position; that he began a search for salesmen, etc., as he was directed to do in the letter. Because of the foregoing, it is not necessary to rule upon whether the letter itself was a sufficient writing to take the case outside the Statute of Frauds because the plaintiff's actions were sufficient to present a jury question as to whether there was such part performance of the contract as to take it outside the statute. Thus, the result is the same even if it be conceded that this contract is one which had to be in writing as a basis of plaintiff's claim for damages. See *Williams v. Garrison,* 21 Ga. App. 44 (2) (93 SE 510); *Brazzeal v. Commercial Cas. Ins. Co.,* 51 Ga. App. 471, supra; *Alexander-Seewald Co. v. Marett,* 53 Ga. App. 315 (3), supra; *Hudgins v. State,* 126 Ga. 639 (55 SE 492). Accordingly, the pleadings and deposition offered in support of the motion for summary judgment fail to disclose that no genuine issue as to any material fact remains, and that the defendant is entitled to judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). The court erred in granting the motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1971—DECIDED JANUARY 27, 1971—
REHEARING DENIED FEBRUARY 16, 1971—CERT. APPLIED FOR.

*Sam G. Dettelbach,* for appellant.
*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellee.