47018. SIGNAL OIL & GAS COMPANY v. CONWAY.

712

ARGUED MARCH 7, 1972—DECIDED JUNE 19, 1972—
REHEARING DENIED JULY 19, 1972—

Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, J. Kenneth Moorman, for appellant.

Cochran, Camp & Snipes, Donald O. Nelson, for appellee.

EBERHARDT, Judge. 1. Plaintiff does not designate the letter as libel in the first count, but she does assert that by it defendant has defamed her character and reputation and has subjected her to public ridicule, hatred and contempt. This language comes from *Code* § 105-701, defining libel, and thus we must examine the letter and the circumstances to determine whether it is libelous.

We conclude that it is not. Certainly there is nothing in the letter that makes it libel per se. It does not charge that the plaintiff has committed a crime (*Estes v. Sterchi Bros. Stores,* 50 Ga. App. 619 (1) (179 SE 222)), that she has committed any debasing act which may exclude her from society (*Tench v. Ivie,* 121 Ga. App. 114 (173 SE2d 237)), or make any derogatory and defamatory statement against her in reference to her trade or profession. *Van Epps v. Jones,* 50 Ga. 238, 241.

The question, then, is whether the letter may be libelous per quod, that is to say, whether the extrinsic facts developed by the pleadings and the deposition are such that it can be held as a matter of law that plaintiff's reputation and character were or were not damaged thereby. "To

maintain an action for libel, the matter published must either be libelous per se, or it must be so stated that it may reasonably be construed, by innuendo at least, to be libelous." *McCravy v. Schneer's,* 47 Ga. App. 703 (171 SE 391).

A creditor has the right to ask his debtor to pay what he owes, without being subject to an action for libel. *McCravy v. Schneer's,* 47 Ga. App. 703, 704, supra. He may direct a letter to the debtor's employer, seeking assistance in getting the debtor to pay without being subjected to an action for libel. *Haggard v. Shaw,* 100 Ga. App. 813 (112 SE2d 286). Cf. *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682 (100 SE2d 881).

Does the fact that the credit card was in the name of plaintiff's husband, and that he may have made all purchases represented by the account, require a different result here? We think not. By plaintiff's own admission in her deposition, she had been making payment on the account to Signal Oil & Gas from the checking account through which she handled the family finances, and when she decided to cease doing so she told her husband that she would not make further payments to it—but she did not notify Signal Oil & Gas. The reasonable inference to be drawn from these factors was that plaintiff, who was handling the family finances, had either purchased gasoline on her husband's credit card, or that she had assumed the payment of the account. Having received prior payments from her, the company might reasonably expect to receive further payments from her. It had received no notice from her or otherwise that the practice had been discontinued, other than the failure to receive payment. In this circumstance it was wholly reasonable that the company make inquiry to the employer of the party from whom it had been receiving payment and thus either get the arrearages paid up or get information as to why the account was not being paid.

The letter contains no imputation of insolvency. It did not seek to alter her credit status; indeed, she was not then seeking any extension of credit and the information in the letter was neither used nor intended to be used to impair

her credit standing.

This situation is easily distinguishable from that in *Southeast Bankcard Assn. v. Woodruff,* 124 Ga. App. 478 (184 SE2d 191), where the information concerning the debtor was sent out to many hundreds of merchants who were using the Master Charge credit card system in extending credit to holders of the cards, and consisted of a listing of his name under a column headed "Most Wanted." We held this sufficiently to implicate that the debtor had wrongfully used the card or his credit in such a manner that it could not be held as a matter of law to be free of libel. Likewise, the situation is distinguishable from that in *White v. Parks,* 93 Ga. 633 (20 SE 78), which is more like unto that in *Southeast Bankcard Assn. v. Woodruff.*

We can see no difference between situations where the debtor contended the charge that a debt was owing was false because it had been paid, or because the merchandise had been faulty, and the present situation where it is contended that the charge was false because the merchandise had been purchased by her husband and not by her. In either event there is simply a contention by the debtor that the debt was not owed by him. Particularly is this true under the facts here.

The most that plaintiff claims under this count is that she has been annoyed, has been nervous and upset and subject to headaches. That is not enough to make libel of the letter. Mere annoyance or loss of peace of mind, or even physical illness caused by the alleged defamation is not enough to make it so. Odgers on Libel and Slander (5th Ed.) 378; *Mell v. Edge,* 68 Ga. App. 314 (3) (22 SE2d 738). In *Mell* the charge that a letter concerning an indebtedness written to a Congressman, who was in position to cause plaintiff to lose his civil service employment, had caused him to become "worried, ill, and temporarily crazy and [that he] lost twenty-six days from service" was held to give rise to no action for libel.

As to Count 1 defendant was entitled to the grant of a summary judgment.

2. The second count, in our view, is a charge of a wrongful invasion of plaintiff's right of privacy in the area of her employment relationship with Dupont, and it is controlled by the ruling in *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682, supra. See also *Davis v. General Finance &c. Corp.,* 80 Ga. App. 708 (4) (57 SE2d 225); American Credit Corp. v. U. S. Casualty Co., 49 F. R. D. 314 (N. D. Ga.).

3. For the reasons stated in our discussion of Count 1, no actionable libel is alleged in Count 3 of the complaint, and since it does not, the charge that the feelings, peace and happiness of the plaintiff have been disturbed adds nothing to it. *Haggard v. Shaw,* 100 Ga. App. 813, 818, supra.

Moreover, no special damages are pleaded. It is necessary to do so where the matter in question is not libelous per se (*Mell v. Edge,* 68 Ga. App 314, supra), and the Civil Practice Act, though demanding little of the pleader, does require that the petition contain "a short and plain statement of the claim *showing that the pleader is entitled to relief,"* (emphasis supplied), *Code Ann.* § 81A-108 (a), and "When special items of special damage are claimed, they shall be specifically stated." *Code Ann.* § 81A-109 (g). This means that they shall be pleaded with particularity.

The cases of *Tench v. Ivie,* 121 Ga. App. 114, supra, and *Peacock Constr. Co. v. Erickson's, Inc.,* 121 Ga. App. 544 (174 SE2d 276) were either written in oversight of these statutory requirements, or they are distinguishable because the matters involved in them were libelous per se and needed no pleading of special damages to support the actions. They are not controlling here. Since the statute requires that special damages, if claimed, must be pleaded, without the pleading of them they cannot be proved. No recovery is authorized here. Cf. *Hamby v. Edmunds Motor Co.,* 80 Ga. App. 209 (55 SE2d 743); *Barry v. Baugh,* 111 Ga. App. 813, 815 (143 SE2d 489, 23 ALR2d 645); *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680 (149 SE2d 370); *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822 (152 SE2d 786); *City Stores Co. v. Henderson,* 116 Ga. App. 114 (156 SE2d 818).

Plaintiff urges that the lateral demotion which she received in her employment amounts to a special damage that she is entitled to recover, but we disagree. The facts—her own testimony—reveal that the demotion was attributed, not to the letter which Signal Oil & Gas wrote to Dupont, but to the fact that she was unwilling to take a transfer to Charlotte, N. C., when the office where she was employed was being transferred to that point. She was offered the opportunity to transfer and keep her same job. She preferred to stay in Atlanta and take the job which Dupont had available in the billing department, which remained in Atlanta. The work was not greatly different, nor was the salary.

Defendant was entitled to a summary judgment as to all counts.

*Judgment reversed. Bell, C. J., Hall, P. J., Quillian and Clark, JJ., concur. Pannell, Deen and Evans, JJ., dissent. Stolz, J., not participating.*

EVANS, Judge, dissenting. Mrs. Betty Conway sued Signal Oil & Gas Company for libel. Defendant answered, took the plaintiff's depositions, and then filed a motion for summary judgment. The trial court denied the motion for summary judgment, and the majority opinion of this court reverses.

Where defendant moves for summary judgment, the burden is on movant to pierce the material allegations of plaintiff's complaint, and each essential allegation of said complaint stands as an established fact where not pierced by defendant. His mere denial by answer will not suffice. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749); *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324); *Ga. Power Co. v. Reighard,* 121 Ga. App. 737 (175 SE2d 77); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). Of course, the rule is well known that all matters, conclusions and inferences must be construed most favorably towards the party opposing the grant of said motion. *Rader v. Rayette-Faberge, Inc.,* 123 Ga. App. 328, 329 (181 SE2d 83); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77).

A fair statement of the posture of this case, as it was presented to the trial judge, is as follows:

Signal Oil Company wrote to the employer of Mrs. Betty Conway, advising that she owed $210.22 as a balance on a gasoline account, because of her use of a gasoline credit card; and stated that it had sent her numerous letters and statements but without results. Her employer was requested to assist Signal Oil and to interview Mrs. Conway to learn why she had not paid the account. The contents of the letter were completely false, and Signal Oil knew they were false. It wrote the letter with the design and intent to interfere with her employment, and her employment was thereby interfered with. Signal Oil's purpose was to intimidate Mrs. Conway and to deliberately defame her character and reputation and subject her to public hatred, contempt and ridicule. Signal Oil knew when it wrote the letter that it would adversely affect plaintiff's economic position with her employer; and would be placed in her file; and adversely affect the business and personal relationship between Mrs. Conway and her employer. The deliberately false letter had an adverse effect on plaintiff in that it wounded her feelings; disturbed her happiness greatly; was detrimental to her mental and physical health; affected her economic position with her employer; unlawfully invaded and intruded into the realm of plaintiff's employment; and caused her to lose the prestige of unblemished character she formerly enjoyed in her relation with her employer and co-employees.

If the majority opinion is correct; if indeed plaintiff is completely without remedy for such a flagrant and unwarranted violation of her rights, it is a great pity, and our laws are greatly in need of revision. The Georgia Code provides that "for every right there shall be a remedy." *Code* § 3-105. What is Mrs. Conway's remedy here? Surely the law of Georgia will not sanction the defendant's conduct in seeking to intimidate this woman by *falsely accusing her* of owing money (which she did not owe) and failing to pay attention to the many statements and requests for payment (which had not even been sent to her) and in effect telling

her employer that she was a dead-beat, for the purpose of extorting money from her and thus unjustly enriching the defendant corporation at her expense! Formerly the blackmail statute (*Code* § 26-1801) would seem to fit this kind of conduct, but it was repealed in 1968 and § 26-1804 was enacted in lieu thereof. But would criminal prosecution of defendant restore Mrs. Conway to her position before she was damaged? We do not see how it could, and yet she is entitled to a remedy. The majority opinion closes the doors in her face on the civil side of the court.

The majority opinion cites various opinions and authorities, which we maintain are not controlling. First of all, let it be observed that in many of these opinions, the authors have treated *libel* and *slander* as interchangeable terms, and have tried to fit the definitions of each to the other. But the two are vastly different. Of course, libel must be in writing, while slander is oral or by word of mouth. But slander is much more restricted than libel, and a recovery for slander may be had *only* if one is falsely charged with a crime; or with having a contagious disorder; or committing a base act which would exclude him from society; or charges made as to his trade, office or profession calculated to injure him therein; or disparaging words productive of special damage. *Code* § 105-702.

But libel is much more comprehensive and all-inclusive. Recovery for libel may be had for any false written charge against another which tends to *injure his reputation, and exposes him to public hatred, or contempt, or ridicule. Code* § 105-701. The word "public" means any member of the public, other than the plaintiff; and a letter written to another person meets the definition of "public." See *Nelson v. Wainwright,* 223 Ga. 429 (3) (156 SE2d 82).

Despite the clear distinction between *libel* and *slander,* many of the cases on *libel* reach over into the *slander* statute and attempt to measure *libel* by such statute, such as whether the article makes a charge as to one's "trade, office or profession, calculated to injure him therein," which words are peculiarly and solely applicable to the statute on

*slander.* See *Davis v. General Finance &c. Corp.,* 80 Ga. App. 708 (1) (57 SE2d 225). We repeat that slander and libel should not be confused or mixed together.

The majority opinion in the case sub judice falls into this error. In Division 1 it is stated that *libel* per se was not committed *because those elements peculiar to the slander statute are not present.*

The cases cited by the majority opinion must give way to and are controlled by certain earlier full-bench decisions of the Supreme Court of Georgia, which have not been overruled, to wit: *White v. Parks,* 93 Ga. 633 (20 SE 78) and *Western Union Tel. Co. v. Pritchett,* 108 Ga. 411, 415 (34 SE 216). These cases are controlling in the case sub judice.

Under the rule of stare decisis we are bound by these earlier cases. *Croker v. Smith,* 225 Ga. 529 (169 SE2d 787); *McCurry v. McCurry,* 223 Ga. 334 (155 SE2d 378); *Fidelity-Phenix Ins. Co. v. Mauldin,* 123 Ga. App. 108 (179 SE2d 525).

The majority opinion argues (p. 716) that it was a "reasonable inference" that Mrs. Conway had purchased gasoline on her husband's credit card or she had assumed payment of the account. But a wife is not liable for her husband's debt and Signal Oil has no right to assume she would become liable therefor unless she had notified it to that effect. The majority argues that "having received prior payments from her, the company might 'reasonably expect' to receive further payments from her"—but that is not what Signal Oil told her employer; it falsely told the employer that *Mrs. Conway owed it;* falsely told that she had been notified about the account and paid no attention to its many demands.

The majority argues that it was "wholly reasonable" that the company make inquiry to the employer of the party from whom it had been receiving payment. Being "wholly reasonable" is not equivalent to piercing the allegations of a complaint in a motion for summary judgment by a defendant; further the company did not content itself with making inquiry; it communicated a falsehood to the effect that she *owed* the money and *refused to pay or give any*

*attention to its many demands* (all of which was false).

The majority opinion seeks to distinguish *White v. Parks*, 93 Ga. 633, supra, by saying it is more like *Southeast Bankcard v. Woodruff*, 124 Ga. App. 478 (184 SE2d 191). Not so. These two cases cannot be equated with each other. The majority opinion does not comment upon the controlling case of *Western Union Tel. Co. v. Pritchett*, 108 Ga. 411, 415, supra, which is a full-bench six judge decision.

The majority opinion argues that Mrs. Conway has not pleaded any special damages, but that is erroneous. She has pleaded that her employment was interfered with; her economic position with her employer was adversely affected; her business and personal relationship with her employer and fellow employees was adversely affected; that her *mental and physical health were damaged;* that she lost the prestige of unblemished character she formerly had with her employer and co-employees; that the letter wounded her feelings; disturbed her happiness; that the letter was placed in her file. Further, in her depositions she testified she had received a demotion in employment. She was not required to plead out-of-pocket expenses in order to plead special damage.

I, therefore, dissent and would affirm the trial court in overruling the motion for summary judgment.

I am authorized to state that Judges Pannell and Deen join in this dissent.