27489. CONWAY v. SIGNAL OIL & GAS COMPANY.

ARGUED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 18, 1972.

*Cochran, Camp & Snipes, Donald O. Nelson,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellee.

NICHOLS, Justice. Certiorari was granted in this case to review the holding of the Court of Appeals which placed the wife of a debtor in the same category as a debtor insofar as her right of privacy, etc. is concerned, and held that mere payment of a husband's debt by a wife on one or more occasions entitles the creditor to treat the wife as the debtor.

For a complete statement of the facts involved in the case see the opinion of the Court of Appeals, *Signal Oil & Gas Co. v. Conway,* 126 Ga. App. 711 (191 SE2d 624). Suffice it to say for the purposes of this review that the plaintiff's husband had and had used a credit card issued by the defendant, the plaintiff had never used such credit card but had paid for some of the charges with checks written by her, that when the bill became delinquent the defendant wrote the plaintiff's employer accusing her of being past due on her account and seeking the aid of the employer in collecting such indebtedness. The trial court overruled the defendant's motion for summary judgment and the Court of Appeals reversed.

In *Gouldman-Taber Pontiac v. Zerbst,* 213 Ga. 682 (100 SE2d 881), this court speaking through Mr. Justice Mobley set forth the history of actions for invasion of the right of privacy beginning with the landmark decision of *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68, 69 ALR 101, 106 ASR 104, 2 AC 561) decided by this court in 1905.

The *Gouldman-Taber Pontiac* case, like the present one, involves the sending of a letter to an employee's employer seeking aid in collecting an alleged debt. Here the comparison ends. In that case the employee had requested credit; here she had not. In that case she had been granted credit; here she had not. In that case she used the credit granted her; here she had not, since she neither requested nor received credit. In that case there was a dispute between the debtor and creditor as to the debt; here there could be no dispute unless the wife had become responsible for her husband's debt.

Prior to 1969 (Ga. L. 1969, pp. 72, 73; *Code Ann.* § 53-503) *Code* § 53-503 provided expressly that a contract for the assumption of a husband's debts by the wife was absolutely void. The 1969 Act limited such void contracts to those involving the wife's tangible personal property.

In 1943 (Ga. L. 1943, p. 316; *Code Ann.* § 53-512) the General Assembly removed any remaining doubt as to the wife being entitled to fruits of her labor by providing "A husband living with his wife shall not be entitled to, and shall not receive the salary or wages of his wife, except by her consent."

Under the provisions of *Code* § 53-510, the husband is liable for necessaries furnished the wife unless furnished on her credit and not his. If the merchant is extending credit to the wife, she must accept the goods with a knowledge of such fact before she may be held liable. See *Brazell v. Hearn*, 33 Ga. App. 490 (127 SE 479), and cits. Accordingly, any contention that the defendant could reasonably infer that the plaintiff had assumed the account and become the debtor is without foundation. Thus, the entire complaint must be looked at in the light that the contents of the letter written to the plaintiff's employer were false and did not come within the waiver of privacy as dealt with in *Gouldman-Taber Pontiac v. Zerbst*, 213 Ga. 682, supra. Under the decisions in *White v. Parks*, 93 Ga. 633 (20 SE 78); *Western Union Tel. Co. v. Pritchett*, 108 Ga. 411 (34 SE 216), and similar cases, the letter was libelous per se, the

evidence submitted in support of the motion for summary judgment did not pierce the allegations of the plaintiff's complaint and the judgment of the Court of Appeals reversing the denial of the summary judgment by the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

JORDAN, Justice, dissenting. In my opinion the Court of Appeals dealt with and correctly disposed of all of the issues in this case. Therefore, I respectfully dissent.