57344. GEORGIA POWER COMPANY v. WOMBLE.

QUILLIAN, Presiding Judge.

Ira S. Womble, Jr. filed a complaint in the Evans Superior Court against the Georgia Power Company. The

action arose out of the following circumstances. In 1956 the defendant had installed a meter to gauge the use of electricity in the plaintiff's home. In 1975 it was discovered, by means of tests, that the meter registered twice the amount of power usage that was actually consumed in the plaintiff's home.

The plaintiff's complaint as amended was brought in four counts. However, prior to the trial two of the counts were stricken by the trial judge, leaving only the second and third counts of the complaint. In Count 2 of the complaint the plaintiff alleged that the defendant was negligent in constructing, installing and erecting the meter upon the plaintiff's residence and that the sole and proximate cause of plaintiff's damages was the negligence of the defendant in inspecting, erecting and constructing the meter. In Count 3 of the complaint the plaintiff alleged that the defendant by fraud and deceit continued to require the plaintiff to pay for electrical services he never received; that the defendant by such fraudulent acts and omissions procured excess sums of money from the plaintiff and that the sole and proximate cause of damages to the plaintiff was the defendant's false representations. Under both counts of the complaint, the plaintiff sought the recovery of general and punitive damages. The defendant, by responsive pleadings, denied the material allegations of the complaint and also set forth, among other defenses, the contention that plaintiff's claim was barred by the statute of limitations and that the rules and regulations of the Georgia Public Service Commission limited the amount of the plaintiff's recovery to the alleged rate overcharge. It was also asserted that the claim was barred by laches on the part of the plaintiff.

After extensive discovery proceedings by both parties, the case came on for trial which resulted in a jury verdict in favor of the plaintiff, finding $25,000 general damages and $75,000 punitive damages. From the denial of its motion for new trial and motion for judgment notwithstanding the verdict, the defendant appeals to this court. *Held:*

1. The defendant raised the issue of the statute of limitations and made a motion for directed verdict based

on that ground. The trial judge overruled the defendant's motion, thus leaving the issue of whether the claim was barred by the statute for the consideration of the jury. However, the trial judge refused to charge defendant's request to charge on the issue of the statute of limitations and made no charge which would present such issue to the jury.

Citing *Leonard v. Cesaroni,* 98 Ga. App. 715, 721 (106 SE2d 362) the plaintiff argues that the invocation of the statute of limitations is a question of law for the determination of the courts. Nevertheless, the correct rule is found in *Larkins v. Boyd,* 205 Ga. 69, 72 (52 SE2d 307) wherein it was held: "If the sole question is one as to the length of time which has elapsed between the accrual of the right and the institution of the action, the question as to whether or not the action is barred would be one of law; but where there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and it is a proper question for determination by the jury under instructions from the court." Accord, *Morris v. Johnstone,* 172 Ga. 598, 605 (158 SE 308); *Brown v. Brown,* 209 Ga. 620, 622 (75 SE2d 13). "While it is generally true that, where the plaintiff has been deterred or debarred from his action by reason of fraud on the part of the other party, the statute of limitations does not run until the discovery of the fraud [present Code § 3-807], yet 'fraud which tolls the statute of limitations must be such fraud as could not have been discovered by the exercise of reasonable diligence, where there is no confidential or fiduciary relation existing between the parties, or other facts which will excuse the failure to act.' " *Phipps v. Wright,* 28 Ga. App. 164 (3) (110 SE 511). "Mere ignorance of fraud which, by the use of ordinary diligence, might have been discovered in due time will not suspend the operation of the statute of limitations." *Morris v. Johnstone,* 172 Ga. 598, 606, supra. Accord, *Frost v. Arnaud,* 144 Ga. 26, 29 (85 SE 1028).

During the course of the trial the plaintiff testified that shortly after he moved into his house in 1956 he suspected that the meter was wrong and made complaints concerning it. These complaints, according to the plaintiff, were made over the course of several years. In

1960 the plaintiff requested the representative of the power company to replace the meter he was using with another meter but this request was refused. In 1974 the plaintiff requested and obtained from the defendant power company a test of his meter which test, according to the defendant, showed the meter to be accurate. Subsequently, the plaintiff performed his own test which indicated to him that the meter was malfunctioning and in fact was registering twice as much usage as was actually taking place. In 1975 a test by the power company revealed this to be true. It is therefore clear that a very serious issue was presented as to at what point the statute of limitations began to run as against the plaintiff. The trial judge during the course of the trial did make reference to the fact that the plaintiff must have acted with reasonable diligence in ascertaining whether or not the meter was defective. However, as we have pointed out above, at no point was the jury charged the law and the effect of the statute of limitations and what principles they should apply in that regard. The defendant objected to both the failure to give its requests to charge and the omission of any charge with reference to the statute of limitations. In view of the record and evidence produced on the trial we find that it indeed was error to fail to charge on the statute of limitations.

2. Error is assigned on the following charge: "Now, ladies and gentlemen, pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. *Questions of whether, how much and how long plaintiff has suffered or will suffer, are for you to decide.* Pain and suffering include mental suffering, but mental suffering is not a legal item of damages, unless there is physical suffering also, unless the pain and suffering are caused by wilful or wanton act."

ʼ The italicized portion of the charge left for the jury's determination as to whether the plaintiff would continue to suffer. The plaintiff could only recover for future pain and suffering if it were shown that the injury was permanent. *Welsh v. Fowler,* 124 Ga. App. 369, 373 (183 SE2d 574) and *Southern R. Co. v. Wright,* 6 Ga. App. 172, 185 (64 SE 703). It is clear that under the circumstances of this case the plaintiff would not continue to suffer

damages of any sort.

The plaintiff by supplemental brief has conceded that it was error to charge on future pain and suffering but contends that such error was harmless. We find such argument non-persuasive. In this case the jury returned a verdict for the plaintiff for $25,000 general damages and $75,000 exemplary damages where the evidence showed that the overcharge from the time the meter was checked and found to be functioning properly to the time it was found to be defective was the sum of $103.56.

Under the circumstances here we are unable to find that giving the instructions was not harmful to the defendant.

3. (a) It is urged as a matter of law the damages found by the jury in the amount of $25,000 were excessive and that there was no evidence to sustain a finding for damages.

We consider first the defendant's argument that there is no basis for the recovery of any damages. This contention is predicated on the rule of law that special damages must be pleaded and, where they are not, evidence in that regard is not permitted. *Signal Oil &c. Co. v. Conway,* 126 Ga. App. 711, 717 (3) (191 SE2d 624), reversed on other grounds *Conway v. Signal Oil & Gas Co.,* 229 Ga. 849 (194 SE2d 909); *Wallace v. Bleakman,* 131 Ga. App. 856, 857 (207 SE2d 254). Whether or not in this case the plaintiff should have been permitted to introduce evidence of special damages, general damages might be shown. General damages are those which the law presumes to flow from a tortious act and may be awarded without proof of any specific amount to compensate plaintiff for the injury done him. *Alexander v. Holmes,* 85 Ga. App. 124, 126 (68 SE2d 242). The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages. *Williams v. Harris,* 207 Ga. 576 (2) (63 SE2d 386); *Weimer v. Cauble,* 214 Ga. 634, 636 (106 SE2d 781); Code §§ 105-2001, 105-2006.

Even the defendant would have to concede that the evidence shows that the plaintiff was damaged by being overcharged for at least some portion of time. That being

true damages should have been recovered by the plaintiff and a motion for directed verdict on the basis that there was no evidence of damages would not lie.

(b) The next issue for consideration is whether the $25,000 damages awarded by the jury was excessive as a matter of law.

In this case the trial judge limited the proof with regard to the damages sustained by the plaintiff from an overcharge for the period from 1974 to 1975 which amounted to $103.56. There was proof offered in this case that the plaintiff and his family curtailed their use of electricity; for example, by not using the air conditioner and utilizing the stove only when necessary. The action taken by the plaintiff and his family was one of several courses available to them. Insofar as such circumstances might be indicative of some damages there is a grave issue relative to whether such factors were too remote to be the basis of recovery.

Insofar as on a retrial of the case different facts may be introduced we decline a determination as to whether the damages awarded were excessive as a matter of law. However, for the guidance of the parties on a retrial of the case we point out the following factors to be considered. Code Ann. § 105-2008 provides: "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer." Code § 105-2009 sets out the rule to ascertain remoteness as follows: "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered; but damages traceable to the act, but not its legal or natural consequence, are too remote and contingent." Ordinarily the question of proximate cause is a question of fact properly for determination by the jury under appropriate instructions from the court as to the applicable principles of law. It is only in plain and indisputable cases that the court as a matter of law will undertake to determine it. *Southern R. Co. v. Elliott,* 93 Ga. App. 370, 373 (91 SE2d 775); *Blakely v. Johnson,* 220 Ga. 572, 574 (140 SE2d 857).

4. The remaining enumerations of error are either

without merit or not likely to recur on a subsequent trial.
*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 12, 1979 — DECIDED MAY 14, 1979.

*Dye, Miller, Bowen & Tucker, Thomas W. Tucker, A. Montague Miller, A. Rowland Dye,* for appellant.
*Allen, Brown, Wright & Edenfield, Charles H. Brown, Susan E. Warren,* for appellee.