[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12375
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00903-CV-T-TBM

JEAN COX,

Plaintiff-Appellant,

versus

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 30, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Jean Cox appeals the court's order denying her motion for a new trial in her action against Target Corporation ("Target"). We conclude that the court did not abuse its discretion and affirm.

## I. Background

According to evidence adduced at trial, Cox fell at 4:35 p.m. while shopping in the Health and Beauty Aids department of one of Target's retail stores. After costly lower back surgery, she brought a negligence claim against Target in state court, seeking compensatory damages for Target's failure to clean up a foreign substance on the floor that allegedly caused her fall. Target removed the case to federal court and both parties consented to a jury trial before a magistrate judge pursuant to 28 U.S.C. § 636(c).

Before trial, the court gave a specific order forbidding Target from suggesting that Cox was a litigious person. During trial, Cox twice objected to actions of Target's counsel on the ground that they violated the court's order. On the first objection, Cox moved for a mistrial when Target's counsel asked Cox on cross examination if she had brought a claim and been deposed concerning a previous fall at another retail store. On Cox's second objection, after defense counsel again mentioned that Cox had brought a claim and been deposed for a

previous fall, the court issued a curative instruction to the jury.

At trial, Target produced evidence suggesting that no foreign substance was on the floor. In particular, Target presented the testimony of Target's on-duty safety manager, Susan Lockery, who testified that Cox had told her nothing was on the floor just after the fall. Lockery then testified that she personally verified Cox's statement by wiping her hand on the floor and finding that the area was dry.

Target also produced videotape footage of the area where Cox fell ten minutes prior to her fall, showing an employee working in the area. Cox questioned the fact that there was no videotape evidence of the area at the exact time of her fall. Consequently, Cox moved for sanctions against Target for spoliation of evidence, alleging that Target acted in bad faith by destroying videotape evidence relating to Cox's fall. Specifically, Cox requested a jury instruction stating that, if the jury found that Target disposed of the videotape before giving Cox an opportunity to review it, the failure to preserve it would raise a rebuttable presumption that this evidence would be unfavorable to Target.[1] The court denied this motion, finding that there was not an adequate showing of bad faith.

_____

[1]In Flury v. Daimler Chrysler Corp., 427 F.3d 939 (11th Cir. 2005), this court held that a sanction in accordance with principles of federal spoliation law was a jury instruction raising a presumption against the spoliator.

At the conclusion of a two-and-a-half day trial, the jury returned a verdict in favor of Target. Cox then moved for a new trial, arguing that (1) opposing counsel had violated the court's prior order by suggesting that Cox was a litigious person, and (2) the court erred in failing to instruct the jury on spoliation of evidence. The court denied Cox's motion on both grounds. Cox now appeals.

## II. Discussion

We review the denial of a motion for a new trial for an abuse of discretion. Goldstein v. Manhattan Indus., 758 F.2d 1435, 1447-48 (11th Cir. 1985).

We conclude that the court did not abuse its discretion in denying Cox's motion for a new trial on either ground. First, Target did not violate the court's order by suggesting that Cox was litigious. Target's counsel never specifically referred to Cox as "litigious" and only mentioned her prior claim and deposition twice in front of the jury. Taken together, these incidents do not rise to the level of a direct violation of the court's order requiring us to grant Cox a new trial. Cf. McWhorter v. City of Birmingham, 906 F.2d 674 (11th Cir. 1990) (concluding that a new trial was warranted when plaintiff's counsel, in violation of a court order prohibiting mention of a prior claim, both extensively argued his case using the prior lawsuit and sent an excluded exhibit to the jury). Moreover, Target's counsel

4

raised the issue on cross examination of Cox *after* Cox already raised the incident on her direct examination.  Finally, when Target's counsel mentioned Cox's previous lawsuit and deposition in his closing argument, the court immediately issued a curative instruction to the jury, directing it not to consider the mere fact that Cox had made another claim.  Thus, the court was acting well within its discretion in finding that Target's counsel had not violated the court order against suggesting that Cox was litigious.

We also conclude that the court acted within its discretion in denying Cox's motion for a jury instruction on spoliation of evidence.  A jury instruction on spoliation of evidence is required "only when the absence of that evidence is predicated on bad faith."  Bashir v. Amtrak, 119 F.3d 929 (11th Cir. 1997).  Cox identified no evidence in the record suggesting that Target had destroyed the relevant videotape in bad faith.  In fact, given the uncontroverted testimony of a Target employee that Target's surveillance cameras do not provide comprehensive coverage of the entire store at all times, Cox was unable to establish that videotape footage of her fall existed at all.  As a result, the court was acting wholly within the scope of its discretion, and we will not disturb its ruling.

### III. Conclusion

For the reasons stated above, we affirm the court's order.

**AFFIRMED**