[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15905
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01940-RLV

JOHN W. RIVES,

Plaintiff-Appellant,

versus

THE HONORABLE RAY L. LAHOOD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 25, 2015)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Rives, proceeding pro se, appeals from the district court's grant of summary judgment in favor of Ray LaHood, the Secretary of the U.S. Department of Transportation, who oversees Rives's employer, the Federal Aviation Administration, in Rives's employment discrimination suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a.  First, Rives argues that the magistrate judge abused her discretion in applying Northern District of Georgia Local Rule 56.1 to deem LaHood's statement of material facts admitted because he disputed those facts in his own prior motion for summary judgment. Second, Rives argues that the district court erred in granting LaHood summary judgment on his claims because there was a genuine dispute of material fact. Third, Rives argues that the magistrate judge abused her discretion by denying Rives's motion for sanctions for spoliation of evidence because David McDonald, the selecting official, destroyed key evidence that supported his claim in violation of law.

Upon a review of the record and consideration of the parties's briefs, we affirm.

I.

"We give great deference to a district court's interpretation of its local rules, and review a district court's application of local rules for an abuse of discretion."

2

*Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (internal quotation marks omitted).  To show abuse of discretion, a plaintiff must show that the district court made a clear error of judgment.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).  Although we liberally construe pro se pleadings, pro se litigants are required to conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

Rule 56 of the Federal Rules of Civil Procedure requires that a party asserting that a fact is genuinely disputed must support that assertion by citing to particular parts of the record, and failure to do so may result in the court deeming the fact undisputed for purposes of the motion for summary judgment.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2).  Similarly, Northern District of Georgia Local Rule 56.1(B) provides that a respondent to a motion for summary judgment must include a document with the responsive brief responding to the movant's statement of undisputed facts and "contain[ing] individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts."  N.D. Ga. Civ. R. 56.1(B)(2)(a)(1).  Further, the local rule provides that the court will:

> deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or

3

otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

N.D. Ga. Civ. R. 56.1(B)(2)(a)(2).

When applying Local Rule 56.1, the district court should disregard or ignore evidence relied upon by the respondent that "yields facts contrary to those listed in the movant's statement" and "not cited in [the respondent's] response to the movant's statement of undisputed facts." *Reese*, 527 F.3d at 1268. "[B]ecause the non-moving party has failed to comply with Local Rule 56.1—the only permissible way for it to establish a genuine issue of material fact at that stage—the court has before it the functional analog of an unopposed motion for summary judgment." *Id.* "[A]fter deeming the movant's statement of undisputed facts to be admitted . . . , the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Id.* at 1269 (internal quotation marks omitted).

The magistrate judge did not abuse her discretion in deeming LaHood's statement of undisputed material facts admitted because Rives did not respond to the statement as required by Local Rule 56.1, even after the magistrate judge had notified him of that Rule's requirements. Accordingly, accepting the facts as set out in LaHood's statement of material facts was appropriate.

4

II.

We review de novo a district court's grant of summary judgment, considering only the evidence available to the district court.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  *Id.* at 836–37.  As an initial matter, Rives only challenges the court's grant of LaHood's motion for summary judgment on appeal and thus has abandoned any challenge to the district court's denial of his own motion for summary judgment.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (noting abandonment rule, and narrow exceptions thereto).  Accordingly, of the summary judgment motions, we will only address Rives's challenge to the district court's grant of summary judgment to LaHood.

A.

Title VII prohibits a private employer from retaliating against an employee who opposed practices made unlawful employment practices by Title VII or who "'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under Title VII].'"  *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (quoting 42 U.S.C. § 2000e-3(a)).  While 42 U.S.C.

5

§ 2000e-16, which governs federal employees, does not specifically mention retaliation, we have noted that § 2000e-16 expanded Title VII coverage to federal employees to the same extent as it was applicable to non-federal employees. *See* 42 U.S.C. § 2000e-16; *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998) (noting that Congress "intended, by [§ 2000e-16], to make Title VII applicable in the federal workplace to the same extent that it was already applicable in the non-federal workplace").

A Title VII retaliation claim relying on circumstantial evidence is analyzed according to the burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima face case. *Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir. 2009). If a plaintiff establishes a prima facie case, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 1308. If the defendant meets this burden, the plaintiff must then demonstrate that the defendant's proffered reason was pretext. *Id.* To establish a prima facie case of retaliation, the plaintiff must show that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) he established a causal link between the protected activity and the adverse action." *Id.* at 1307–08. "[A] plaintiff making a retaliation claim under §

6

2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. ___, ___, 133 S. Ct. 2517, 2534 (2013).

Causation may be shown by "close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam). "[M]ere temporal proximity, without more, must be very close." *Id.* (internal quotation marks omitted). "A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Id.* In *Brown*, we held that a three-month interval between the protected activity and adverse action was too long to show causation. *Brown*, 597 F.3d at 1182. The relevant date for determining temporal proximity between the protected activity and the adverse employment action is the filing of the discrimination complaint. *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986) (measuring temporal proximity by the time between the filing of a discrimination complaint and the adverse action).

Rives engaged in protected activity when he filed the Equal Employment Opportunity (EEO) complaint, and he suffered an adverse employment action when he did not receive the promotion. However, the district court properly granted summary judgment to LaHood on the retaliation claim. Rives failed to

7

establish causation because the three-and-one-half-month delay between the filing of the EEO complaint and the selection of other employees for promotion was too long to establish the requisite causal link.

## B.

Title VII also prohibits an employer from discriminating against a federal employee on the basis of race.  42 U.S.C. § 2000e-16(a).  While Title VII does not make age discrimination actionable, the ADEA makes it unlawful to discriminate against a federal employee over the age of forty on the basis of age.  29 U.S.C. § 633a(a).  "[T]he plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105 (2000) (internal quotation marks omitted).

Title VII race-discrimination claims and ADEA age-discrimination claims relying on circumstantial evidence are also analyzed under the *McDonnell Douglas* framework.  *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (applying *McDonnell Douglas* to a race-discrimination under Title VII); *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (applying *McDonnell Douglas* to an age-discrimination claim under the ADEA).  Assuming that Rives established a prima facie cases for both, his claims for discrimination based on age and race, respectively, fail.  LaHood rebutted the prima facie cases with a

legitimate, non-discriminatory reason (that the individuals promoted were better-suited for the promotion), and Rives failed to demonstrate that that reason was pretext. Rives only argued that he was better-qualified than the candidates who were eventually chosen for the promotion, which is insufficient to establish pretext. *See Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (per curiam) ("In the context of a promotion, a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted." (internal quotation marks omitted)).

## III.

We review a district court's decision regarding spoliation sanctions for abuse of discretion. *Mann*, 588 F.3d at 1310. "[A] party moving for [spoliation] sanctions must establish, among other things, that the destroyed evidence was relevant to a claim or defense such that the destruction of that evidence resulted in prejudice." *Eli Lilly & Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010). "An adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." *Sec. & Exch. Comm'n v. Goble*, 682 F.3d 934, 947 (11th Cir. 2012) (internal quotation marks omitted). "Mere negligence in losing or destroying . . . records is not enough for an adverse inference . . . ." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) (per curiam) (internal quotation marks omitted). In *Goble*, we

concluded that a district court did not abuse its discretion in rejecting a party's spoliation claim when that party did not demonstrate that evidence was missing as a result of the opposing party's bad faith. *Goble*, 682 F.3d at 947–48.

The magistrate judge did not abuse her discretion in denying Rives's motion for spoliation sanctions because Rives did not demonstrate that he was prejudiced by the destruction of the evidence or that the evidence was destroyed in bad faith. Accordingly, we affirm.

**AFFIRMED.**