CLARENCE COOPER, SENIOR UNITED STATES DISTRICT JUDGE
This premises liability case is before the Court on the following motions: (1) Plaintiff Terri Dodson's Motion in Limine to *1287 Exclude Defendant's Expert Amber Stern, PhD, P.E. [Doc. No. 67]; (2) Plaintiff's Motion in Limine to Exclude Defendant from Mentioning or Referring to Plaintiff's Prior Counsel [Doc. No. 68]; (3) Plaintiff's Motion in Limine to Exclude Defendant from Arguing or Presenting Evidence of a Defense of Superior Knowledge Regarding the Water on Its Floor [Doc. No. 69]; and (4) Defendant's Motion in Limine [Doc. No. 70]. The Court addresses each of the motions filed by Plaintiff Terri Dodson ("Plaintiff") and the motion filed by Defendant Belk, Inc. ("Defendant" or "Belk") in turn.
I. DEFENDANT'S EXPERT
Plaintiff moves the Court to exclude the opinions of Defendant's expert witness, Amber Stern, PhD, P.E. Plaintiff asserts that Dr. Stern's opinions fail to meet the standards set forth in Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
This Court's Local Rules provide the following regarding Daubert motions: "Any party objecting to an expert's testimony based upon Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) shall file a motion no later than the date that the proposed pretrial order is submitted. Otherwise, such objections will be waived, unless expressly authorized by court order based upon a showing that the failure to comply was justified." LR 26.2C, NDGa. Here, Plaintiff filed the instant motion over three months after the proposed pretrial order was submitted. While the motion is styled as a motion in limine, the motion is undoubtedly one objecting to an expert's testimony based upon Daubert. As such, the motion should have been filed no later than the date that the parties submitted the proposed pretrial order. Plaintiff has not shown that her failure to do so was justified. Accordingly, the Court finds that Plaintiff has waived her objections to the opinions and testimony of Dr. Stern, and the Court DENIES the Motion in Limine to Exclude Defendant's Expert Amber Stern, PhD, P.E.
II. PLAINTIFF'S PRIOR COUNSEL
Plaintiff next moves the Court to preclude Defendant or Defendant's counsel from soliciting testimony, attempting to qualify the jury, or testifying in any manner that Plaintiff had prior counsel. Plaintiff asserts that her prior lawyers do not retain any financial interest in this case and have no relevance to any fact at issue in the litigation. Therefore, Plaintiff urges that any mention to the jury or jury pool that Plaintiff had prior counsel would be unfairly prejudicial.
Defendant opposes Plaintiff's motion to the extent that it seeks to preclude Defendant from qualifying the jury as to Plaintiff's prior counsel. Defendant maintains that it is entitled to a complete and thorough voir dire process, and Defendant mentions that Plaintiff's prior counsel, Montlick & Associates, P.C., provided a letter of representation indicating that Plaintiff assigned them a portion of the eventual recovery in this case.
Plaintiff has since provided an email from one of her prior attorneys, Jason T. Schneider, in which he unambiguously states: "This will confirm that neither my firm nor Montlick & Associates have an attorney lien or other financial interest in this case." (Ex. A to Plaintiff's Reply to Her Motion in Limine to Exclude Defendant from Mentioning or Referring to Plaintiff's Prior Counsel [Doc. No. 82-1].)
*1288 "The conduct of voir dire of prospective jurors is a matter directed to the sound discretion of the trial judge, subject to the essential demands of fairness." United States v. Brooks, 670 F.2d 148, 152 (11th Cir. 1982) (quotation marks and citation omitted). Given that Plaintiff's prior attorneys no longer have a financial interest in this case, the Court finds that qualifying jurors as to Plaintiff's prior counsel is unnecessary and could only be prejudicial.
For the above reason, and because Defendant has not made any arguments as to why it should be able to solicit testimony or testify in any manner that Plaintiff had prior counsel, the Court GRANTS Plaintiff's Motion in Limine to Exclude Defendant from Mentioning or Referring to Plaintiff's Prior Counsel.
III. DEFENSE OF SUPERIOR KNOWLEDGE
Plaintiff moves the Court to preclude Defendant from testifying as to when and how long the water was on the floor at the Belk store where Plaintiff fell. Relying on Federal Rule of Evidence 403, Plaintiff argues that such testimony should be excluded because Defendant failed to maintain the video surveillance footage of the day in question, which would indicate whether its employees should have known of the water's existence based upon their movements within the vicinity of the water. Essentially, then, Plaintiff's position is that Defendant committed spoliation of evidence by destroying or failing to preserve video evidence and that Defendant should be sanctioned in the form of not being able to present to the jury a defense of superior knowledge.
"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Graff v. Baja Marine Corp., 310 F. App'x 298, 301 (11th Cir. 2009) (internal quotation marks and citation omitted). A district court has broad discretion to impose sanctions for spoliation as part of its "inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). As an evidentiary matter, the imposition of spoliation sanctions is governed by federal law in diversity suits. Id. However, federal law in the Eleventh Circuit does not set forth specific guidelines in determining whether sanctions for spoliation are appropriate. Id. As a result, the spoliation analysis is "informed by Georgia law," which the Eleventh Circuit has found to be "wholly consistent with federal spoliation principles." Id.
A party seeking spoliation sanctions must meet the initial burden of proving that (1) the missing evidence existed at one time, (2) the alleged spoliator had a duty to preserve the evidence, and (3) the evidence was crucial to the movant being able to prove its prima facie case or defense. In re Delta/Air Tran Baggage Fee Antitrust Litig., 770 F.Supp.2d 1299, 1305 (N.D. Ga. 2011). If spoliation has occurred, Georgia courts further evaluate the following five factors in determining whether spoliation sanctions are warranted: (1) whether the movant was prejudiced as a result of the destruction of evidence; (2) whether any prejudice can be cured; (3) the importance of the evidence; (4) whether the spoliator acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence is not excluded. Flury, 427 F.3d at 945 (citing *1289 Chapman v. Auto Owners Ins. Co., 220 Ga. App. 539, 542, 469 S.E.2d 783 (1996) ).
In Flury, the Eleventh Circuit looked to Georgia law for guidance in defining the elements of spoliation and, in the process, arguably diminished the role of bad faith in the spoliation analysis by identifying bad faith as only one factor for consideration. Stanfill v. Talton, 851 F.Supp.2d 1346, 1362 (M.D. Ga. 2012). However, the Eleventh Circuit previously held that "[m]ere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (internal quotation marks and citation omitted). The Bashir court further stated without qualification that, in the Eleventh Circuit, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." 119 F.3d at 931 (citation omitted). Still, at least one district court has read the Eleventh Circuit's decision in Flury as downgrading bad faith from a requirement to a factor to be considered. See Brown v. Chertoff, 563 F.Supp.2d 1372, 1381 (S.D. Ga. 2008).
The appropriate analysis is to decline to read Flury as having removed the bad faith requirement. To the extent that Flury creates a conflicting line of authority, the Court must follow the law set down in Bashir because it is the earlier authority. See Walker v. Mortham, 158 F.3d 1177, 1188 (11th Cir. 1998) (holding that when lines of circuit authority conflict, courts should look to the line of authority containing the earliest case). District courts are "bound by the holdings of earlier panels unless and until they are clearly overruled en banc or by the Supreme Court." Gandara v. Bennett, 528 F.3d 823, 829 (11th Cir. 2008). Further, the Eleventh Circuit has held unequivocally in many cases since Flury that bad faith is required for an adverse inference instruction as a sanction for spoliation. See, e.g., Rives v. Lahood, 605 F. App'x 815, 820 (11th Cir. 2015) ; Horton v. Maersk Line, Ltd., 603 F. App'x 791, 797 (11th Cir. 2015) ; S.E.C. v. Goble, 682 F.3d 934, 947-48 (11th Cir. 2012) ; Rutledge v. NCL (Bahamas), Ltd., 464 F. App'x 825, 829 (11th Cir. 2012) ; Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1310 (11th Cir. 2009) ; Cox v. Target Corp., 351 F. App'x 381, 383 (11th Cir. 2009) ; BP Prods. N. Am., Inc. v. Se Energy Grp., Inc., 282 F. App'x 776, 780 n.3 (11th Cir. 2008). Thus, a showing of bad faith is required to impose sanctions.
Other than a general citation to Federal Rule of Evidence 403, Plaintiff does not cite any legal authority in her opening brief demonstrating entitlement to the relief she seeks. Plaintiff has not met her initial burden of proving that video surveillance of the entire day in question existed at one time. Assuming that such evidence did exist, Plaintiff presents no evidence persuasively establishing that a duty to preserve the evidence arose before the evidence was destroyed. To the extent that the evidence was destroyed prior to the time that a duty to preserve arose, that would not support a claim of spoliation. Further, assuming that video surveillance of the entire day in question once existed and that Defendant destroyed some of the footage after obtaining a letter of representation from the firm that was representing Plaintiff at the time, Plaintiff has not shown that Defendant acted in bad faith. Significantly, Defendant did maintain footage of the actual fall, and its destruction of any other footage on the day in question appears to amount to nothing *1290 more than negligence, which is insufficient to establish a spoliation claim. Watkins v. KFC U.S. Properties, Inc., Civil Action No. 1:09-CV-1007-JEC, 2011 WL 3875986, at *3 (N.D. Ga. Aug. 31, 2011) ("Merely showing negligence by the alleged spoliator will not do the trick.").
Based on the foregoing, the Court agrees with Defendant that prohibiting Defendant from arguing and/or presenting evidence of superior knowledge as a punitive measure for not maintaining video surveillance evidence of the entire day in question is not legally justified. The Court DENIES Plaintiff's Motion in Limine to Exclude Defendant from Arguing or Presenting Evidence of a Defense of Superior Knowledge Regarding the Water on Its Floor.
IV. DEFENDANT'S MOTION IN LIMINE
Defendant moves the Court to preclude Plaintiff from presenting evidence concerning several different matters, whether in the nature of oral testimony or documentary evidence. Defendant likewise requests that Plaintiff's counsel be prohibited from commenting on the matters raised as an issue in the motion both in opening statement and closing argument. Defendant finally requests that the Court require Plaintiff's counsel to instruct each of Plaintiff's witnesses to refrain from testifying about any matters that the Court rules are inadmissible.
A. Presence of Liability Insurance
Defendant first moves the Court to exclude any and all evidence or argument regarding the existence of liability insurance coverage for Defendant, the identity of Defendant's liability insurance company or companies, the presence of claim representatives, or the use of terminology suggesting the presence of liability insurance coverage. Plaintiff states that her counsel does not intend to present evidence or argument regarding the presence of insurance coverage of Defendant but states that her counsel and the Court are required to qualify the potential jurors as to Defendant's liability insurance carrier, if one exists. Defendant has replied, stating that it is self-insured and that all information regarding insurance has been provided in discovery. The parties appear to agree that insurance will not be mentioned or referenced outside of juror qualification. Therefore, the Court GRANTS Defendant's Motion in Limine as it relates to the presence of liability insurance.
B. Offers of Compromise
Defendant next moves the Court to exclude evidence or argument concerning the parties' prior settlement discussions. Evidence of conduct or a statement made during compromise negotiations is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statements or a contradiction." Fed. R. Evid. 408(a)(2). Plaintiff asserts that Federal Rule of Evidence 408 is not absolute and that there are exceptions that might apply. Plaintiff urges the Court to defer a ruling on this aspect of Defendant's Motion in Limine until Plaintiff seeks to introduce the evidence. Insofar as Plaintiff has made no attempt to explain how one of the exceptions to Rule 408 might apply in this case, the Court GRANTS this aspect of Defendant's Motion in Limine at this time.
C. Prior or Subsequent Incidents or Accidents
Defendant maintains that any and all evidence or argument regarding Defendant's *1291 prior or subsequent incidents or accidents is irrelevant and prejudicial and should thus be excluded. Plaintiff does not anticipate introducing evidence of prior or subsequent incidents or accidents to demonstrate conformity therewith, but Plaintiff states that she may introduce evidence of how losses are reported and to whom as well as who responds and handles the same on behalf of Defendant. Plaintiff is seeking to establish that Broadspire Services, Inc. serves as Defendant's agent with respect to preserving evidence and establishing and investigating claims and losses on behalf of Defendant. The Court will address the issues regarding Broadspire separately. Defendant's Motion in Limine to exclude evidence and argument regarding prior or subsequent incidents or accidents is GRANTED , to the extent the purpose of the evidence or argument would be to show conformity therewith.
D. Plaintiff's Proposed Exhibit 29
Defendant seeks an order precluding Plaintiff from seeking to introduce evidence that Broadspire, Defendant's third party administrator, is Defendant's agent, and Defendant specifically objects to Plaintiff's proposed Exhibit No. 29, which is a letter from Broadspire to Plaintiff's prior counsel regarding the incident in question. Defendant asserts that the letter is irrelevant and contains hearsay and evidence of settlement negotiations. Defendant further argues that the letter improperly injects insurance into the case and is cumulative of the store surveillance footage showing Plaintiff's fall.
In response, Plaintiff contends that Broadspire was Defendant's agent for purposes of claim reporting, claim investigation, and claim resolution. Plaintiff maintains that proposed Exhibit No. 29 is relevant to this litigation and should be admissible at trial because it constitutes Broadspire's determination, on Defendant's behalf, of the investigation into Plaintiff's fall. In support of her position that Broadspire acted as Defendant's agent with respect to claim reporting, claim investigation, and claim resolution, Plaintiff relies on the testimony of Defendant's 30(b)(6) witness that any incidents at Belk stores are reported to Broadspire by the store manager through Broadspire's Teleplus system, that Broadspire generates a Notice of Loss, that Broadspire determines what evidence or additional information is needed and manages what evidence is to be preserved, that Broadspire investigates the loss, and that Broadspire then handles the claim. Plaintiff also points out that the correspondence at issue is signed by Broadspire on behalf of Belk, Inc. As such, Plaintiff argues that Broadspire's statements in the letter are admissible as a party admission, including Broadspire's statement that Plaintiff slipped on water at the Belk store.
In reply, Defendant argues that there is no express or implied agency relationship between Broadspire and Belk, Inc. As to implied agency, specifically, Defendant asserts that Broadspire operated under its own guidelines, too, and looked out for Broadspire's interest. Defendant also states that brokers, the VP of Treasury with Belk, and lawyers also would get involved with certain claims. Defendant asserts that there is no indication that Defendant agreed to Broadspire's representation as its agent and that Plaintiff is merely assuming an agency relationship existed between the two. Defendant maintains that Broadspire was simply an administrator hired to handle administrative matters and that Broadspire was not given *1292 authority to determine what constitutes a "slip," which is a key issue in this case.
"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." O.C.G.A. § 10-6-1. An agency implied by the circumstances, may arise "due to the apparent authority of an agent, even if the agent has no actual authority, but only due to the conduct of the principal vis-a-vis the third party." J'Carpc, LLC v. Wilkins, 545 F.Supp.2d 1330, 1337 (N.D. Ga. 2008) (emphasis in original) (citation omitted). In this regard, Georgia law is clear:
Agency may result where one party has apparent authority to affect the legal relations of another party by transactions with a third party, but it must be emphasized that apparent authority to do an act is created as to a third person when the statements or conduct of the alleged principal reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent.
Hinely v. Barrow, 169 Ga. App. 529, 530, 313 S.E.2d 739 (1984) (emphasis in original) (citations omitted). Further, "where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." Shivers v. Barton & Ludwig, 164 Ga. App. 490, 491, 296 S.E.2d 749 (1982).
Having considered the parties' arguments and the applicable law, the Court has decided that it will hear oral argument on this aspect of Defendant's Motion in Limine prior to issuing a ruling. Therefore, the Court DEFERS a ruling and will hear oral argument from the parties prior to striking a jury.
E. Personal Belief as to Veracity of Witnesses
Defendant next moves the Court to exclude any and all evidence or argument regarding personal beliefs as to the veracity of witnesses. Plaintiff's counsel represents that she does not intend to interject her personal belief as to the veracity of any witnesses to the jury. Given that the parties agree that personal beliefs as to the veracity of any witnesses are improper for presentation to the jury, the Court GRANTS the Motion in Limine to exclude any and all evidence or arguments regarding such personal beliefs from the trial.
F. Any Reference to Financial Resources of the Parties
Defendant requests that the Court prohibit Plaintiff from presenting any evidence or testimony regarding either party's financial position or worldly circumstances, including testimony from Dr. Taylor Cates regarding the expense of physical therapy. "The general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." Northwestern Univ. v. Crisp, 211 Ga. 636, 641, 88 S.E.2d 26 (1955). However, if Defendant argues and/or presents evidence to support the argument that Plaintiff should not recover damages for her medical expenses or a portion thereof because she did not follow a recommended course of treatment, Plaintiff will be permitted to present evidence *1293 or testimony to demonstrate that she could not afford to follow the recommended course of treatment. See McGee v. Jones, 232 Ga. App. 1, 3, 499 S.E.2d 398 (1998). The Court tentatively GRANTS this aspect of Defendant's Motion in Limine, subject to what the Court has stated in this Order.
G. Special Damages Not Pleaded
Defendant requests that the Court preclude Plaintiff from presenting evidence of alleged special damages incurred that Plaintiff did not plead with particularity, as required by O.C.G.A. § 9-11-9(g) and Signal Oil & Gas Co. v. Conway, 126 Ga. App. 711, 191 S.E.2d 624 (1972), rev'd on other grounds, 229 Ga. 849, 194 S.E.2d 909 (1972). Plaintiff asserts that her portion of the Pretrial Order includes a specific amount for her medical expenses, the medical bills supporting the expenses, and the documents supporting the amount of her lost wages. Defendant maintains that Plaintiff still has not established a lost wage claim.
O.C.G.A. § 9-11-9(g) requires only that Plaintiff plead special damages with specificity. Id. ("When items of special damages are claimed, they shall be specifically stated."). Plaintiff alleged in her Complaint for Damages that Defendant's alleged negligence resulted in Plaintiff having a diminished capacity to work and labor, and Plaintiff specifically states in the Pretrial Order that she was not able to perform her duties as a real estate agent for a period of time and incurred special damages in the form of lost income in the amount of $ 39,681.85. Whether Plaintiff will be able to establish lost income in the requested amount during the trial is a separate issue, but Plaintiff has satisfied her burden under O.C.G.A. § 9-11-9(g) of pleading special damages with specificity. Accordingly, the Court DENIES Defendant's Motion in Limine to the extent that it seeks to preclude Plaintiff from presenting evidence of lost income.
H. Derogatory Statements about Defendant or Defense Counsel
Defendant moves the Court to prohibit any attorney from making any derogatory statements about Defendant or defense counsel. Examples of such statements, as explained by Defendant, include personal attacks, insults, ad hominem remarks, and unfounded accusations that a party is hiding evidence or does not want the truth to come out. Plaintiff agrees with Defendant that such remarks should not be made and that counsel should maintain the highest standards of professionalism and proper courtroom decorum. Given Plaintiff's lack of opposition in this regard, the Court GRANTS Defendant's Motion in Limine with respect to derogatory statements about Defendant or defense counsel.
I. Medical Testimony from Plaintiff or Other Lay Witnesses Not Qualified to Give Medical Opinions
Defendant next seeks an order from the Court excluding medical testimony from Plaintiff or other lay witnesses who are not qualified to give medical opinions. Defendant concedes that Plaintiff may testify regarding her feelings, pain, and symptoms, but Defendant states that Plaintiff is not competent to testify about any medical diagnosis, injury, condition or any future prognosis. Defendant also maintains that Plaintiff may not testify as to what her treating physicians told her regarding her injuries, current condition, future condition, and future prognosis. Defendant further suggests in its reply brief *1294 that Plaintiff's lay witnesses should not be able to testify regarding the nature of Plaintiff's injuries.
The Court agrees with Defendant that neither Plaintiff nor other lay witnesses should be permitted to offer medical opinion testimony regarding Plaintiff's injuries. However, "Plaintiff may testify as to [her] perception of [her] injuries and how they have affected [her]." Elzubier v. Sony Music Holdings, Inc., CIVIL ACTION No. 1:10-cv-03284-SCJ, 2012 WL 12869319, at *1 (N.D. Ga. May 17, 2012). Further, in accordance with Federal Rule of Evidence 701, Plaintiff's lay witnesses may testify concerning their personal observations of how Plaintiff's injuries affected her. See Pace v. Nat'l Union Fire Ins. Co. of Pittsburgh, CIVIL ACTION FILE NO. 1:12-CV-3096-MHC, 2015 WL 11199154, at *7 (N.D. Ga. Feb. 3, 2015).
Except as stated above, the Court generally GRANTS Defendant's Motion in Limine to exclude medical testimony from Plaintiff or other lay witnesses not qualified to give medical opinions.
J. Negligent Training
Defendant seeks to prevent Plaintiff from arguing at trial that Defendant failed to conduct sufficient training of its employees. Defendant asserts that such arguments are not relevant to the remaining issues in the case. To the extent that the arguments or evidence are minimally relevant, Defendant argues that the probative value of the evidence is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice or of confusing the issues or misleading the jury.
Plaintiff responds that in seeking to meet her burden of establishing that Defendant breached its duty to exercise ordinary care in ensuring its premises were free from potential hazards for invitees, Plaintiff should be permitted to present evidence that Defendant had no policies, Defendant's employees were not trained to conduct regular sweeps of the premises for potential hazards and keep records regarding the same, and Defendant's employees did not preserve and were not trained to preserve evidence like the video surveillance footage for the day of the incident.
The Court will permit Plaintiff to present evidence and argument concerning what Defendant did or did not do to attempt to keep its premises free of hazards for invitees and what measures Defendant did or did not undertake to inspect for any such hazards. However, because there is no claim for "negligent training" in this case, Plaintiff must not seek to present evidence or arguments related to "negligent training."
The Court GRANTS Defendant's Motion in Limine as it relates to evidence or arguments concerning "negligent training."
K. Testimony from Witnesses Stating Legal Conclusions
Defendant moves the Court to preclude Plaintiff and her witnesses from testifying that Defendant was "negligent," which is the ultimate issue for the jury to determine. Plaintiff states that she has no intention of testifying that Defendant was "negligent," but she asserts that she should not be precluded from testifying that she observed the water on the floor and that the water was the cause of her fall. The Court agrees with both Defendant and Plaintiff. The Court GRANTS Defendant's Motion in Limine to exclude testimon *1295 y from witnesses stating legal conclusions, but Plaintiff and her witnesses shall be permitted to offer testimony regarding facts from which the jury may determine whether Defendant was negligent.
L. Speculative or Unsubstantiated Damages
Defendant moves the Court to preclude Plaintiff from introducing evidence in an attempt to recover future damages. Plaintiff states that she has not alleged and is not seeking future damages. Accordingly, the Court GRANTS the Motion in Limine to exclude evidence of speculative or unsubstantiated damages.
M. Rule of Sequestration
Defendant moves to invoke the rule of sequestration, including barring witnesses from the courtroom while other witnesses are testifying. Defendant also asks the Court to instruct witnesses not to discuss their testimony with each other until they have been excused from further appearance in Court or the case has gone to the jury. Plaintiff agrees with Defendant's requests. Therefore, the Court GRANTS the request to invoke the rule of sequestration and to instruct the witnesses accordingly.
V. CONCLUSION
Based on the foregoing, the Court DENIES Plaintiff Terri Dodson's Motion in Limine to Exclude Defendant's Expert Amber Stern, PhD, P.E. [Doc. No. 67], GRANTS Plaintiff's Motion in Limine to Exclude Defendant from Mentioning or Referring to Plaintiff's Prior Counsel [Doc. No. 68], DENIES Plaintiff's Motion in Limine to Exclude Defendant from Arguing or Presenting Evidence of a Defense of Superior Knowledge Regarding the Water on Its Floor [Doc. No. 69], and GRANTS in part and DENIES in part Defendant's Motion in Limine [Doc. No. 70], except that the Court DEFERS a ruling with respect to Plaintiff's proposed Exhibit No. 29. The Court will hear oral argument from the parties concerning the latter issue on Monday, November 5, 2018, at 9:00 am.
SO ORDERED this 2nd day of November, 2018.